### HACKETT v. STATE. (No. 9515.)

(Court of Criminal Appeals of Texas. Nov. 18, 1925.)

Criminal law ⬤➡1169(11)—Instruction that testimony as to defendant having pleaded guilty to similar crime three years before, admissible on issue on his intent, held prejudicial error in view of inconclusive character of evidence.

In view of inconclusive character of evidence connecting defendant with possession of liquor in question, instruction that testimony that defendant, three years prior thereto, had pleaded guilty to possession of whisky, was available not only to affect his credibility, but also in determining intent of defendant, if any, in transaction in question, held prejudicial error.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Charles Hackett was convicted of unlawfully possessing intoxicating liquor, and he appeals. Reversed and remanded.

Geo. W. Johnson, of New Boston, and E. A. Smitha, of Texarkana, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The offense is the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The indictment was filed on the 4th day of December, 1924; the date of the offense, according to the averment, was the 8th of November, preceding.

According to the state's testimony, the dwelling of the appellant was searched and there was found upon a table in the kitchen three half-gallon jars containing whisky. Appellant was not at his dwelling, but was at his place of business. That was also searched, but no intoxicating liquor was found.

Appellant's wife was at home when the search was made. She testified that the whisky was brought to the premises by a man named Fletcher; that this occurred after the appellant had gone to work at his place of business and before he had returned therefrom; that he had not been on the premises subsequent to the time that Fletcher had placed the whisky where it was found by the officers.

Another witness, a grocery man who, according to his testimony, delivered goods on the premises, said that he saw Fletcher at or near the house with a package or bundle in his possession. This happened during the day while his was making a delivery of groceries at the home of the appellant.

Appellant testified that he kept a news stand and sandwich shop in the business part of the town. He disclaimed any knowledge of the whisky or of any arrangements for its delivery upon his premises. He said that he was but slightly acquainted with Fletcher.

There was testimony that Fletcher had been arrested for drunkenness. A witness by whom he was employed testified that on the day of the search, she saw Fletcher going in the direction of the appellant's house; that on the following day she mentioned to him the fact of the appellant's arrest; that he quit her employ and she had not seen him since.

Over the appellant's objection, proof was received to the effect that in 1921 he had been charged with the possession of whisky for the purpose of sale, had entered a plea of guilty, and had been accorded a suspension of his sentence. The court, against the appellant's specific objection, instructed the jury that this testimony was available, not only upon the issue of the credibility of the witness, but

"in determining the intent of the defendant, if any, in the possession, if any, of the intoxicating liquor charged against the defendant in the indictment in this case." It occurs to us that the part of the charge quoted should have been' omitted. The fact that in 1921 he had entered a plea of guilty as stated, while admissible to affect his credibility, we think was not relevant upon the issue of his intent in a transaction three years later. In view of the inconclusive character of the evidence connecting the appellant with the possession of the liquor in question, it cannot justly be said that the instruction given was not prejudicial to the appellant. Unless upon another trial there is more cogent evidence connecting the appellant with the offense than that revealed by the present record, we are of the opinion that the conviction should not be permitted to stand.

The judgment is reversed, and the cause remanded.